UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SELVIN SAIAS SITUJ GARCIA, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> DERRICK STRAMPER, *in his* ) <br> *official capacity Chief Patrol Agent,* ) <br> *U.S. Border Patrol*, et al., ) <br> ) <br> Respondents. ) | No. 2:26-cv-00025-JAW |

**ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER**

The court issues a temporary restraining order, enjoining the respondents from denying the petitioner access to counsel or removing the petitioner from the United States pending further order of this court.

**I.   BACKGROUND**

On January 18, 2026 Selvin Isaias Situj Garcia filed a verified petition for writ of habeas corpus and an emergency motion seeking a temporary restraining order (TRO) against his removal from the District of Maine and to ensure his access to counsel pending his habeas proceedings. *Pet. for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* (ECF No. 1) (*Pet.*); *Emer. Mot. for TRO to Stop Transfer Without Prior Consent* (ECF No. 3) (*Mot. for TRO*). Mr. Garcia, a resident of Middlesex County, Massachusetts, is Guatemalan citizen who arrived in the United States in September 2021. *Id.* ¶¶ 1-2. On January 15, 2026, U.S. Immigration and Customs Enforcement (ICE) arrested and detained Mr. Garcia while he was working at a construction site in Bethel, Maine. *Id.* ¶ 3.

Mr. Garcia alleges his detention violates the Immigration Nationality Act and his due process rights under the Fifth Amendment of the United States Constitution. *Id.* ¶¶ 42-51. He seeks a TRO enjoining his transfer pending his habeas proceedings against the U.S. Department of Homeland Security (DHS), U.S. Customs and Border Protection (CBP) Office of Field Operations, ICE Enforcement and Removal Operations, the U.S. Department of Justice Executive Office of Immigrations Review, Derrick Stamper, in his official capacity as Chief Patrol Agent for the Houlton Sector of U.S. Border Patrol, Rodney Scott in his official capacity as Commissioner of CBP, David Wesling, in his official capacity as Director for the Boston ICE Field Office, Todd Lyons, in his official capacity as Acting Director of ICE; Kristi Noem, in her official capacity as Secretary of DHS, and Pamela J. Bondi, in her official capacity as U.S. Attorney General. *Id.* ¶¶ 5-15; *Mot. for TRO* at 1-4. He also seeks, inter alia, an order requiring an Immigration Judge to provide him with a bond hearing as soon as possible, or in the alternative, a writ of habeas corpus ordering his immediate release during his habeas proceedings. *Id.* 10-11. Mr. Garcia also seeks an order requiring the Respondents to assure him reasonable access to counsel. *Mot. for TRO* at 3.

## II. LEGAL STANDARD

The standard for issuing a TRO is the same as for a preliminary injunction and is provided by traditional equity doctrines. *Aftermarket Auto Parts All., Inc. v. Bumper2Bumper, Inc.*, Civil No. 1:12-cv-00258-NT, 2012 U.S. Dist. LEXIS 143685, *3 (D. Me. Oct. 4, 2012); *accord* 11A WRIGHT, MILLER & KANE § 2942, at 37; *Alcom,*

*LLC v. Temple*, No. 1:20-cv-00152-JAW, 2020 U.S. Dist. LEXIS 79863, at *15 (D. Me. May 6, 2020) (collecting cases).

"A preliminary injunction is an extraordinary and drastic remedy that is never awarded as of right." *Peoples Fed. Sav. Bank v. People's United Bank*, 672 F.3d 1, 8-9 (1st Cir. 2012) (quoting *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011); *accord Mass. Coal. of Citizens with Disabilities v. Civ. Def. Agency & Off. of Emergency Preparedness*, 649 F.2d 71, 76 n.7 (1st Cir. 1981) ("The authority of the District Court Judge to issue a preliminary injunction should be sparingly exercised")). "In order for a court to grant this type of relief, a plaintiff 'must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that the injunction is in the public interest." *Peoples Fed. Sav. Bank*, 672 F.3d at 8-9 (quoting *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008)). "The party seeking the preliminary injunction bears the burden of demonstrating that these four factors weigh in its favor." *Esso Standard Oil Co. v. Monroig-Zayas*, 445 F.3d 13, 18 (1st Cir. 2006). "[T]rial courts have wide discretion in making judgments regarding the appropriateness of" preliminary injunctive relief. *Sanchez v. Esso Standard Oil Co.*, 572 F.3d 1, 14 (1st Cir. 2010).

### III. DISCUSSION

At the teleconference of counsel on January 20, 2026, Mr. Garcia recognized that as he had been removed from the District of Maine, the immediate questions had shifted slightly to whether he would be assured access to counsel and whether he

could be removed from the United States, leaving for later whether the Respondents would be required to return Mr. Garcia to Maine. Respondents acknowledged that as Mr. Garcia was in the District of Maine when he filed his habeas corpus petition, the Court had not lost jurisdiction upon Mr. Garcia's removal from the District. Nevertheless, Respondents still contend that the Court can and should not require Mr. Garcia's return to the District of Maine, and the parties agreed to brief these issues.

In the interim, while the legal issues are being resolved, Respondents conceded that a TRO ensuring Mr. Garcia's access to counsel and against Mr. Garcia's removal from the United States[1] should issue at this time. *Min. Entry* (ECF No. 6). In conceding the propriety of the issuance of a TRO, Respondents have implicitly admitted that the Court may conclude that the Petitioner has proven each of the four factors essential for the issuance of a TRO. The Court accepts Respondents' concession.

"[An] injunction should issue only where [it is] essential in order effectually to protect . . . rights against injuries otherwise irremediable." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) (quoting *Cavanaugh v. Looney*, 248 U.S. 453, 456 (1919)). Here, the "irremediable" injury would be removal from this Court's jurisdiction pending Mr. Garcia's habeas corpus proceedings. Accordingly, the Court

---

[1] On January 18, 2026, after Mr. Garcia filed his habeas petition but prior to the Court issuing its emergency order blocking Mr. Garcia's transfer from the District of Maine, Respondents moved Mr. Garcia to a holding facility in Louisiana. *Emer. Order Concerning Stay or Transfer of Removal* (ECF No. 4). The parties agreed to amend the Mr. Garcia's motion for TRO to block his removal from the country. *Min. Entry*.

circumscribes its remedy, at this time, to ensure Mr. Garcia's access to counsel and prevent Respondents from removing Mr. Garcia from the United States pending further order of this Court.

## IV.  BOND REQUIREMENT

Pursuant to Federal Rule of Civil Procedure 65(c), "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." FED. R. CIV. P. 65(c).  The First Circuit has explained "[t]he purpose of such a bond is to ensure that the enjoined party may readily be compensated for the costs incurred as a result of the injunction should it later be determined that it was wrongfully enjoined." *Axia NetMedia Corp. v. Mass. Tech. Park Corp.*, 889 F.3d 1, 11 (1st Cir. 2018); *accord Edgar v. MITE Corp.*, 457 U.S. 624, 649 (1982) (Stevens, J., concurring) ("The bond, in effect, is the moving party's warranty that the law will uphold the issuance of the injunction").

The First Circuit has previously indicated "there is ample authority for the proposition that the provisions of Rule 65(c) are not mandatory and that a district court retains substantial discretion to dictate the terms of an injunction bond," *Int'l Ass'n of Machinists & Aerospace Workers v. E. Airlines, Inc.*, 925 F.2d 6, 9 (1st Cir. 1991) (collecting cases), but the district courts in this circuit have generally required a bond to be posted.  *See WEX Inc. v. HP Inc.*, No. 2:24-cv-00121-JAW, 2024 U.S. Dist. LEXIS 119715, at *99-100 (D. Me. July 9, 2024) (collecting cases).  District courts are

vested with "wide discretion" to set the amount of the bond. *Axia NetMedia*, 889 F.3d at 11; *accord Totem Forest Prods. v. T & D Timber Prods.*, No. 2:17-cv-00070-JDL, 2017 U.S. Dist. LEXIS 26062, at *5 (D. Me. Feb. 24, 2017) ("The Court has discretion to determine the amount of the security"). Here, to comply with the mandatory nature of the bond requirement, the Court requires Mr. Garcia to post a bond of $100 within 48 hours of the issuance of this Order pursuant to Federal Rule of Civil Procedure 65(c).

## V. CONCLUSION

The Court ORDERS Respondents in this matter are hereby ENJOINED from removing Selvin Isaias Situj Garcia from the United States pending further order of this Court. The Court further ORDERS Respondents in this matter to provide Selvin Isaias Situj Garcia reasonable access to counsel during his period of detention.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 21st day of January, 2026